STATE OF OHIO BUREAU OF MOTOR VEHICLES *v.* McENTUSH.

[Cite as Bureau of Motor Vehicles v. McEntush (1971), 29 Ohio Misc. 73.]

(No. A257307—Decided September 30, 1971.)

Common Pleas Court of Hamilton County.

*Mr. Richard D. Banks,* assistant attorney general, for plaintiff-appellee.

*Mr. James H. Sullivan, Jr.,* for defendant-appellant.

RUEGER, J. This cause is an appeal from an order of the Bureau of Motor Vehicles made on May 7, 1971, suspending the drivers license and confiscating all license plates and registration certificate of the defendant-appellant pursuant to R. C. 4509.17.

On April 6, 1971, a letter was addressed to the defendant-appellant requiring him to post $500.00, ''as proof of your ability to satisfy any judgment or judgments which may be rendered against you as a result of possible court

action." Said letter further provided in capital letters: "It should also be pointed out that this bureau has no jurisdiction to make a determination with reference to the responsibility or liability of the parties to a motor vehicle accident."

A suspension order dated May 7, 1971, was issued by the Bureau of Motor Vehicles suspending the drivers license and all license plates and registration certificate of the defendant-appellant for his failure to comply with the requirements of the financial responsibility law, R. C. 4509.01 to 4509.99.

The appellee, Bureau of Motor Vehicles, filed a motion to dismiss the appeal for the reason the appellant had failed to timely file the notice of appeal with this court. This motion the court overrules.

There is involved in this proceeding the question of procedural due process required by the 14th Amendment.

In the case of *Bell* v. *Burson*, 91 S. Ct. 1586, decided May 24, 1971, the U. S. Supreme Court held that the Georgia Motor Vehicle Safety Responsibility Act, depriving a person of his drivers license and vehicle registration without a prior hearing on liability is a denial of procedural due process in violation of the 14th Amendment.

The Ohio Financial Responsibility Act requires the posting of security without a prior determination of liability although the question of liability can be a determinative factor, R. C. 4509.21, 4509.22.

The Bureau of Motor Vehicles, in its letter of April 6, 1971, addressed to the appellant, made a determination without a hearing on the question of liability and subsequently on May 7, 1971, issued the order of suspension.

It is my opinion that the Ohio Financial Responsibility Act providing for the suspension of license and all motor registrations owned by the person involved without a hearing for the purpose of determining liability is a violation of the 14th Amendment.

The order of suspension is hereby revoked.